# Richmond.

SIDNEY L. NUSBAUM v. CITY OF NORFOLK, ET ALS.

October 30, 1928.

Holt, J., having taken his seat on the Supreme Court of Appeals
did not sit in this case.

The opinion states the case.

*Bertram S. Nusbaum* and *Leon T. Seawell*, for the appellant.

*R. W. Peatross, Tazewell Taylor* and *John S. Rixey*, for the appellees.

CHRISTIAN, J., delivered the opinion of the court.

Sidney L. Nusbaum, plaintiff, is the owner of the property on the east side of Boush street, in the city of Norfolk, upon which there is a two-story brick building known as Nos. 248 and 250 Boush street. On the 7th day of July, 1921, when Nusbaum applied for a permit to erect this building on his property, it was issued, but said permit required him to erect his building five feet from the Boush street line of the street (which had theretofore been the building line), pursuant to the following ordinance of the council of the city of Norfolk, adopted January 13, 1920:

"A new building line is hereby established on the east side of Boush street, between College Place and Tazewell street, parallel with and five (5) feet from the present building line, in accordance with the provisions of clause 10½ of section 2 of the Norfolk charter of 1918, as amended, as shown on plat entitled 'plat showing suggested widening of Boush street, office director of public works, Norfolk, Virginia, September, 1919, Scale 1'-11'; and the city manager is hereby authorized and directed to provide for the establishment of the new building line, December 16, 1919."

Subsequent to the erection of the Nusbaum building C. H. Hix, the owner of a lot in the same block on Boush street with Nusbaum and located at the southwest corner of College Place and Boush street, this being the same side of the street with Nusbaum's property, but about sixty feet from it, applied sometime in 1926 for a permit to erect a brick building upon his lot. This permit was granted, but no restriction was placed therein as to the interlying five foot building line established by the ordinance of January, 1920.

Hix proceeded to erect his building along the line of Boush street and his lot, whereupon Nusbaum protested to the city authorities, but they refused to stop the building. On October 19, 1926, the council passed an emergency ordinance repealing the ordinance of January, 1920, and thereby abandoned the set back line of five feet on Boush street, between College Place and Tazewell street. Thereupon Nusbaum filed his bill in equity in the Circuit Court of the city of Norfolk claiming a vested right in the building line established by the ordinance of January, 1920, and praying for a mandatory injunction to compel Hix to cease his building operations, and to require him to

remove his building back upon the five-foot line, and restrain the city of Norfolk and its officers from permitting Hix to proceed further with the building and for damages. Hix and the city of Norfolk demurred to the bill, and upon argument the court sustained the demurrer and dismissed the bill. Nusbaum's appeal brings this decision before this court for review.

The appellant, to sustain his claim to vested rights in the set back line of five feet established by the January, 1920, ordinance, has cited numerous cases dealing with the rights and duties of cities in regard to its streets. In order to construe and apply decisions of this character, it is necessary to bear in mind the principle and reasons upon which those cases are based.

█ It is a cardinal principle of law that the title to all the public streets and roads is vested in the State for the benefit of all the citizens thereof, subject to the rights of the abutting property owners. The plenary power to deal with these public easements are vested in the General Assembly.

██ It has delegated some of its power over the streets to the various cities of the State in their charters, such as the right to open, grade, widen, narrow, vacate and abandon the same. The abutter generally owns the fee in the street to the center thereof, subject to the rights of the public to use the same for street purposes. The abutter has the right to use the street as one of the public, and he as such has the private right of ingress and egress, into and from his lot, and the right to light and air. The first right is a public right, and any injury to the same is *damnum absque injuris*. The second rights are private and any infringement thereon may be the subject of suits in the courts. *City of Lynchburg* v. *Peters*, 145 Va. 1, 133 S. E. 674.

None of Nusbaum's rights as an abutter upon Boush street have been infringed upon, nor has Hix by his building in any way encroached upon, or obstructed, Boush street between College Place and Tazewell street as laid out and dedicated at the time of the ordinance of January, 1920, therefore the law of streets in cities can have no application to this case.

It is true that the ordinance shows its purpose to be the "*suggested widening of Boush street*," and no doubt the charter of Norfolk gave it power to *widen* its streets, but this is a governmental discretion vested in the council and not subject to the control of the courts by injunction or suits for damages. Furthermore, if this ordinance be considered as the initial step to widening the Boush street, it was ineffective until the abutting property owners either by gift, contract or condemnation transferred their rights to the public. The Constitution prohibits the taking of private property for public uses without just compensation, and as Hix never gave the five feet of his lot to the city nor was it purchased from him or condemned, the public nor Nusbaum had any rights therein and the ordinance of January, 1920, so far as his rights were affected thereby was entirely ineffective.

Nor do the cases where the building restrictions are the result of covenants among the parties and run with the land give authority for this suit. *Peters* v. *Buckner*, 288 Mo. 618, 232 S. W. 1024, 17 A. L. R. 543, cited by appellant's counsel, is good law upon the facts of that case; the facts in that case, however, and those before this court are so entirely different that that line of cases have no bearing upon the case were we called upon to decide.

The Supreme Court of this State in the case of *Gorieb* v. *Fox*, 145 Va. 554, 134 S. E. 914, held that

authority given to cities to pass zoning ordinances were constitutional as an exercise of the police power of the State, having previously held in *Eubank* v. *Richmond*, 110 Va. 749, 87 S. E. 376, 19 Ann. Cas. 186, that an ordinance establishing a mere building restriction was valid under the Virginia Constitution.

The United States Supreme Court, in affirming the *Gorieb Case*, 274 U. S. 603, at page 608 (71 L. Ed. 1228, 47 Sup. Ct. Rep. 675, 677, 53 A. L. R. 1210) says:

"The remaining contention is that the ordinance, by compelling petitioner to set his building back from the street line of his lot, deprives him of his property without due process of law. Upon that question the decisions are divided, as they are in respect of the validity of zoning regulations generally. But, after full consideration of the conflicting decisions, we recently held (*Euclid* v. *Ambler Realty Co.*, 272 U. S. 365, 71 L. Ed. 303, 54 A. L. R. 1016, 47 Sup. Ct. Rep. 114) that comprehensive laws and ordinances, prescribing, among other things, the height of buildings to be erected (*Welch* v. *Swasey*, 214 U. S. 91, 53 L. Ed. 923, 29 Sup. Ct. Rep. 567) and the extent of the area to be left open for light and air and in aid of fire protection, etc., are, in their general scope, valid under the Federal Constitution. It is hard to see any controlling difference between regulations which require the lot owner to leave open areas at the sides and rear of his house and limit the extent of his use of his space above his lot and a regulation which requires him to set his building a reasonable distance back from the streets."

The ordinance which required Nusbaum to set back his building five feet from street being a police regulation, and therefore the exercise of a governmental discretion on the part of the council; he could acquire no vested interest therein, nor could the council make

such ordinance irrepealable, as the Constitution provides that the police power of a State shall never be abridged. Section 159. The council in the exercise of its governmental power could abandon said building line whenever in its discretion the public welfare demanded.

While the legislature could have conferred power upon the city of Norfolk to establish building lines under its police power, this was not done, but the charter required the city before the line was established to pay any objecting property owner his damages or proceed to acquire the right by condemnation. So far as Hix is concerned it does not appear that he ever assented thereto or that the city acquired any right in his property as required by the charter.

The ordinance did not establish the line but instructed the city manager to establish it pursuant to the charter. Nothing was done by the city manager, in obedience to said ordinance, but give a permit to Nusbaum to build his house back five feet from the street. Nusbaum never objected thereto and the line was abandoned. By its abandonment Nusbaum has had his property rights restored to him, and it is difficult to see where he has been damaged or he has acquired any rights in the Hix lot.

The plain purpose of this proceeding is to compel the establishment and maintenance of a five-foot building line. This the courts cannot do. The decree is without error, and is affirmed.

*Decree affirmed.*