J. P. MARREN AND WIFE, FLORINE W. MARREN, v. C. F. GAMBLE AND WIFE, MARTHA BRITE GAMBLE; THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION; AND H. N. SUTTON, CHIEF BUILDING INSPECTOR OF THE CITY OF CHARLOTTE.

(Filed 6 May, 1953.)

**1. Municipal Corporations § 37—**

Under the proviso of G.S. 160-173, when two or more corners at an intersection of streets in a municipality have been zoned for business, the owner of another corner at the intersection is entitled to have it zoned for business.

**2. Same: Constitutional Law § 8c—**

The proviso of G.S. 160-173, entitling the owner of a lot at an intersection to have his corner zoned for business upon written application to the legislative body of the municipality when two other corners at the intersection have been so zoned, is not a delegation of legislative power to such owner in violation of Art. II, sec. 1, of the Constitution of North Carolina, since the Act merely prescribes the conditions under which the zoning power of the municipality is to be exercised.

**3. Municipal Corporations § 37—**

A zoning ordinance does not vest any property right in an owner of property in a municipality to have the zones remain unaltered, nor constitute a contract between the municipality and such owner precluding the municipality from thereafter changing the boundaries of a zone if it deems the change to be desirable, and therefore zoning regulations may be amended or changed when such action is authorized by the enabling statute and does not contravene constitutional limitations on the zoning power.

**4. Same: Constitutional Law § 20a—**

The proviso of G.S. 160-173 applies with impartiality to all street intersections in all of the municipalities enacting zoning ordinances under the power delegated to them, and is calculated to prevent discrimination and promote uniformity in zoning property having substantially the same character, and therefore the proviso comes within the police power to promote the public welfare, and is not subject to the objection that in its operation it deprives owners of a lot at an intersection of property rights in violation of Art. I, sec. 17, of the Constitution of North Carolina; or Fourteenth Amendment to the Federal Constitution.

**5. Municipal Corporations § 37: Constitutional Law § 21—**

A public hearing after notice to interested parties upon application of the owner of a lot at an intersection to have his lot zoned for business under the proviso of G.S. 160-173 because two other corners at the intersection had been zoned for business, meets the requirements of G.S. 160-175, an objection by the owner of the fourth corner that under the proviso he was deprived of any real hearing upon the question of whether or not the application should be granted, is without merit, since all the original zoning power of the State reposes in the General Assembly and the municipality perforce can have no authority to pass on the judgment or wisdom of the mandatory provisions of the Act.

APPEAL by plaintiffs from *Sharp, Special Judge,* at March Term, 1953, of MECKLENBURG.

Civil action to enjoin the enforcement of an amendment to the general zoning ordinance of the City of Charlotte.

The complaint alleges these facts:

1. The legislative body of the City of Charlotte, *i.e.,* the Charlotte City Council, has adopted a general zoning ordinance under Article 14 of Chapter 160 of the General Statutes. The ordinance divides the municipality into clearly designated business, industrial, and residential districts, and imposes restrictions on the alteration and erection of buildings and the use of premises in each of such districts.

2. Two public streets, namely, the Plaza, which runs north and south, and East 35th Street, which runs east and west, intersect and cross each other in the corporate limits of the City of Charlotte.

3. The defendants C. F. Gamble and wife, Martha Brite Gamble, own the corner lot at the southwest corner of the intersection. Their lot is vacant.

4. The plaintiffs J. P. Marren and wife, Florine W. Marren, own a lot which abuts the southern boundary of the corner lot of the defendants C. F. Gamble and Martha Brite Gamble, and the western edge of the Plaza. This lot constitutes the site of the dwelling house of the plaintiffs.

5. On 27 October, 1952, the entire block or square in which the lots of the plaintiffs and the defendants C. F. Gamble and Martha Brite Gamble are situated was zoned for residential use.

6. On 27 October, 1952, the corner lots at the southeast, the northeast, and the northwest corners of the intersection of the Plaza and East 35th Street were zoned for business use. Two of them, namely, those at the southeast and northwest corners, were actually being used for business purposes.

7. On 27 October, 1952, the defendants C. F. Gamble and Martha Brite Gamble made a written application to the Charlotte City Council asking that their corner lot at the southwest corner of the intersection of the Plaza and East 35th Street be rezoned from residential to business use.

8. On 31 December, 1952, the plaintiffs and other interested citizens appeared before the Charlotte City Council, and opposed the application of the defendants C. F. Gamble and Martha Brite Gamble. The Charlotte City Council took the position that the defendants C. F. Gamble and Martha Brite Gamble were entitled to have their application allowed as a matter of right under the proviso of G.S. 160-173 because the other three corners at the intersection were already zoned for business use. In consequence, the Charlotte City Council adopted an amendment to the general zoning ordinance whereby it rezoned the lot of the defendants C. F. Gamble and Martha Brite Gamble from residential to business use.

9. The amendment to the general zoning ordinance substantially impairs the market value of the plaintiffs' lot.

The complaint concludes that the amendment to the general zoning ordinance and its underlying statute, i.e., the proviso of G.S. 160-173, contravene both the State Constitution and the Federal Constitution. For this reason, it prays that the defendants be perpetually enjoined from recognizing and enforcing the amendment to the general zoning ordinance.

The defendants demurred to the complaint in writing on the ground that it does not state facts sufficient to constitute a cause of action in favor of the plaintiffs against the defendants. Judge Sharp sustained the demurrer, and the plaintiffs appealed.

*Parker Whedon for plaintiffs, appellants.*

*Cochran, McCleneghan & Miller for defendants C. F. Gamble and wife, Martha Brite Gamble, appellees.*

*John D. Shaw for defendants, the City of Charlotte and H. N. Sutton, Chief Building Inspector of the City of Charlotte, appellees.*

ERVIN, J.   The General Assembly has delegated to the legislative body of a municipality the power to promulgate zoning regulations "for the purpose of promoting health, safety, morals, or the general welfare of the community."   G.S. 160-172.

G.S. 160-173 is in these words: "For any or all said purposes it may divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this article; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land.   All such regulations shall be uniform for each class or kind of building throughout each district, but the regulations in one district may differ from those in other districts: Provided, however, that when at any intersection of streets in the corporate limits of any city or town the said legislative body of the said city or town promulgates any certain regulations and/or restrictions for the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land on two or more of said corners at said intersection, it shall be the duty of such legislative body upon written application from the owner of the other corners of said intersection to redistrict, restrict and regulate the remaining said corners of said intersecting streets in the same manner as is prescribed for the erection, construction, reconstruction, alteration, repair or use of buildings, structure or land of the other said corners for a distance not to exceed one hundred and fifty feet from the property line of said intersecting additional corner."

The Charlotte City Council did not *gang aglee* in taking the position that under the proviso of G.S. 160-173, C. F. Gamble and Martha Brite Gamble possessed the legal right to require the rezoning of their corner from residential to business use because the other three corners of the intersection had already been zoned for business use by the general zoning ordinance.   This being so, the plaintiffs have no legal ground for complaint unless the statutory proviso offends the organic law.

The plaintiffs assert initially that the proviso of G.S. 160-173 delegates the power to legislate to a private person in violation of Section 1 of Article II of the Constitution of North Carolina.   They offer these arguments to sustain this position: The power to zone or rezone is legislative. The statutory proviso compels the legislative body of the municipality to rezone the corner of an intersection at the demand of its owner whenever the conditions enumerated in the proviso exist.   Hence, the proviso, in reality, delegates the legislative power to rezone the corner to its owner rather than the legislative body of the municipality.

These arguments lack substance.   When it delegates zoning power to a municipality, the General Assembly may prescribe the conditions under which the power is to be exercised.   *Holcombe v. City of Lake Charles,*

175 La. 803, 144 So. 502; *Leahy v. Inspector of Buildings,* 308 Mass. 128, 31 N.E. 2d 436; 62 C.J.S., Municipal Corporations, section 226 (2). In the final analysis, the proviso of G.S. 160-173 does this, and nothing more. When its phraseology is reduced to simple terms, it merely declares that whenever the legislative body of a municipality zones two or more corners at an intersection of streets in the corporate limits of the municipality in a *certain* way, "it shall be the duty of such legislative body upon written application from the owner of the other corners" of the intersection to rezone such other corners in the *same manner.* It does not undertake to authorize or permit the owner of the other corners to exercise any legislative power. To be sure, the proviso of G.S. 160-173 confers upon the owner of the other corners a legal right to require the legislative body of the municipality to rezone his corners in the manner set forth whenever the conditions specified in the proviso exist. But this legal right is created by the General Assembly itself to enforce its own notion as to how corners at street intersections should be zoned.

In enacting a zoning ordinance, a municipality is engaged in legislating and not in contracting. *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897; *Kinney v. Sutton,* 230 N.C. 404, 53 S.E. 2d 306; *Clifton Hills Realty Co. v. City of Cincinnati,* 60 Ohio App. 443, 21 N.E. 2d 993. As a consequence, a zoning ordinance fixing the boundaries of zones does not result in a contract between the municipality and property owners precluding the municipality from afterwards changing the boundaries if it deems a change to be desirable. *Hollearn v. Silverman,* 338 Pa. 346, 12 A. 2d 292. Moreover, a zoning ordinance does not vest in a property owner the right that the restrictions imposed by it upon his property or the property of others shall remain unaltered. *Nusbaum v. City of Norfolk,* 151 Va. 801, 145 S.E. 257; *Eggebeen v. Sonnenburg,* 239 Wis. 213, 1 N.W. 2d 84, 138 A.L.R. 495. For these reasons, zoning regulations may be amended or changed when such action is authorized by the enabling statute and does not contravene constitutional limitations on the zoning power.

The plaintiffs concede that the proviso of G.S. 160-173 is sufficient in phraseology to authorize the amendment to the zoning regulations applicable to the corner owned by C. F. Gamble and Martha Brite Gamble. They insist, however, that the proviso is void even if it does not involve an unconstitutional delegation of legislative power to private persons. They contend that it impinges on the law of the land clause of Section 17 of Article I of the North Carolina Constitution, and the due process of law clause of the Fourteenth Amendment to the United States Constitution in two particulars. The first is that it bears no substantial relation to the health, safety, morals, or general welfare of the community, and the second is that it denies to owners of adjacent or nearby property any

real opportunity to be heard on the question as to whether or not the *other corners* at the intersection ought to be rezoned in the same manner as the *two or more corners* are zoned.

Much of the perplexity arising on this aspect of the case vanishes when the statutory proviso is viewed in proper perspective. The proviso is not restricted in its operation to a single street intersection in a single city. It applies with impartiality to all the street intersections in all the municipalities enacting zoning ordinances under the zoning power delegated to them by the statutes embodied in Article 14 of Chapter 160 of the General Statutes. When proper regard is had to this circumstance, it becomes obvious that the proviso is well designed to promote the public welfare. The proviso is based on the sound concept that ordinarily all the property cornering on a given street intersection is subject to peculiar conditions of a kindred nature. It is calculated to prevent discrimination and promote uniformity in zoning property having substantially the same character. It has, moreover, a strong tendency to permit every owner of land cornering on a street intersection to put his land to the use to which it is best adapted.

The complaint discloses inferentially that before it passed the amendment to the general zoning ordinance, the Charlotte City Council gave the plaintiffs and other interested citizens a public hearing after notice on the only question committed to its determination by the proviso of G.S. 160-173, that is to say, whether or not two or more corners at the intersection of the Plaza and East 35th Street were zoned in the same manner. In so doing, the Charlotte City Council met statutory requirements respecting an adequate notice and a public hearing. G.S. 160-175.

The plaintiffs assert, however, that these statutory requirements do not satisfy the demands of the law of the land clause of the State Constitution and the due process of law clause of the Fourteenth Amendment to the Federal Constitution. They argue that these clauses invalidate the proviso of G.S. 160-173 because it denies to owners of adjacent or nearby property any real opportunity to be heard on the question whether or not the *other corners* at an intersection ought to be rezoned in the same manner as *the two or more corners* are zoned.

An analysis of this argument reveals its paradoxical character. When it is reduced to ultimate terms, the argument comes to this: Whenever the General Assembly delegates zoning power to a municipality and commands the municipality to zone corner lots in a certain way at all street intersections where specified conditions exist, the General Assembly must permit the municipality to pass judgment on the wisdom of the command in relation to each included intersection, and to disobey the command in respect to any included intersection in case it concludes obedience to the command at such intersection would be foolish; otherwise, the General

Assembly violates the law of the land clause of the State Constitution and the due process of law clause of the Fourteenth Amendment to the Federal Constitution.

This argument is insupportable. The constitutional provisions invoked by the plaintiffs do not subordinate the State to the agency of its own creation, and compel the State to permit its creature to disobey its laws simply because its creature deems its laws to be wanting in wisdom. All of the original zoning power of the State reposes in the General Assembly. *Leahy v. Inspector of Buildings, supra; Bradley v. Zoning Adjustment Board of Boston,* 255 Man. 160, 150 N.E. 893. Since the proviso of G.S. 160-173 has a reasonable tendency to promote the public good, it represents a valid exercise of this power, and is entitled to implicit obedience.

The amendment to the general zoning ordinance does not deprive the plaintiffs of any of their legal rights. The resultant diminution in the value of their property is a misfortune which they must suffer as members of organized society.

The judgment sustaining the demurrer is
Affirmed.