H. HAYWOOD ROBBINS, ADMINISTRATOR C.T.A. OF THE ESTATE OF W. L. NICH-
OLS, DECEASED; IRMA DAVIS NICHOLS; AND SARAH LEE NICHOLS
POOLE v. THE CITY OF CHARLOTTE; THE CITY COUNCIL OF THE
CITY OF CHARLOTTE; AND PHILIP L. VAN EVERY, MAYOR, CLAUDE
L. ALBEA, HERBERT H. BAXTER, BASIL M. BOYD, HERMAN A.
BROWN, STEVE W. DELLINGER, JAMES S. SMITH AND W. EVERETT
WILKINSON, MEMBERS OF THE CITY COUNCIL OF THE CITY OF CHARLOTTE.

(Filed 1 December, 1954.)

**1. Municipal Corporations § 37—**

The side of a street opposite the intersection of such street by a "dead-
end street" has no "corner" within the meaning of the proviso of G.S.
160-173, and therefore, the owner of the lot upon one corner of the inter-
section is not entitled as a matter of right to have the governing authorities
of the municipality zone his property for business even though the opposite
corner and the area opposite the intersection have been zoned for business.

**2. Statutes § 5a—**

Where the words used in a statute have not acquired a technical mean-
ing, they must be construed in accordance with their common and ordinary
meaning unless a different meaning is apparent or definitely indicated by
the context.

**3. Statutes § 5f—**

The ordinary function of a proviso of a statute is to qualify the statute
to which it is engrafted so as to exclude from its scope something which
would otherwise be within its terms.

**4. Same—**

Where the effect of a proviso engrafted in a statute is to enlarge the
scope of the statute so as to give the statute a mandatory operation of
extended application upon the happening of the event designated in the
proviso, the proviso should be held to include no case not clearly within
its terms.

APPEAL by plaintiffs from *Patton, Special Judge,* at 10 May, 1954,
Extra Civil Term of MECKLENBURG.

Civil action for writ of *mandamus* to have property in the City of
Charlotte rezoned from "Residence-1" to "Business-1."

As shown on the accompanying map, Brandywine Road joins Selwyn
Avenue but does not cross it. The dead-end junction thus formed is in the
shape of a "T." The plaintiffs own the property at the southwest corner
of the junction as shown on the map. Their property is in a "Residence-1"
District under the zoning code of the City of Charlotte. Whereas the
property directly across both Brandywine Road and Selwyn Avenue,
including all that at the top of the "T," is zoned as "Business-1."

The plaintiffs, desiring to have their property rezoned as "Business-1,"
and having exhausted all their administrative remedies before the Board

ROBBINS v. CHARLOTTE.

of Adjustment and the City Council, instituted this action for writ of *mandamus* to compel the defendant to enact an ordinance rezoning their property as requested. The gravamen of the complaint is that since the property directly across both streets from that of the plaintiffs is now zoned as "Business-1," they are entitled as a matter of right, pursuant to the proviso of G.S. 160-173, to have their property rezoned as "Business-1." All material facts being admitted in the answer, the cause was heard below on the question of law presented by the pleadings, *i.e.*, whether the plaintiffs are entitled as a matter of right to have their property rezoned as requested. The question was resolved against the plaintiffs, and from judgment denying their petition for *mandamus*, they appeal.

*H. Haywood Robbins, Harry C. Hewson, and Edwin B. Robbins for plaintiffs, appellants.*

*John D. Shaw for defendants, appellees.*

JOHNSON, J.   Simply stated, the proviso of G.S. 160-173 provides that when at any intersection of streets within a city or town the land at two or more "corners" is restricted to a designated use by municipal zoning regulation, it shall be the duty of the local governing body upon written application from the owner or owners of the property at the other corners of the intersection to rezone the "remaining . . . corners" in the same manner as the "other . . . corners for a distance not to exceed one hundred fifty feet from the property line of said intersecting additional corners." See *Marren v. Gamble,* 237 N.C. 680, 75 S.E. 2d 880.

The single question presented by this appeal, then, is: Does the land fronting on Selwyn Avenue opposite its intersection with Brandywine Road, that is, the land along the top of the "T," constitute a corner or corners within the purview of the proviso of G.S. 160-173.

The court below answered in the negative, and this seems to be in accord with the clear meaning of the language of the proviso.

Webster's New International Dictionary (1951) defines "corner" as "The point or place where two converging lines, sides, or edges meet; an angle, either external or internal; specif.: . . . The place of intersection of two streets."

Century Dictionary, at page 1269, defines a "corner" as follows: ". . . 2. The space between two converging lines or surfaces; specifically, the space near their intersection; . . ." See also 9 Words and Phrases, Permanent Edition, p. 649; 18 C.J.S., p. 284.

"Intersection" is defined in 48 C.J.S., p. 115, as follows: "A place of crossing; the dividing line between two things; the place where two things intersect or cross; the point or line in which one line or surface cuts into another; the point where two lines or the lines in the two surfaces cross each other."

The east side of Selwyn Avenue along the top of the "T" at the dead end of Brandywine Road is a straight, unbroken line all the way from Colony Road to Selwyn Lane, with no converging side street lines to form a "corner" within the plain meaning of the proviso.

The appellants insist that in order to carry out the legislative intent "corners" as used in the proviso should be interpreted to mean the areas of land around the perimeter of a street intersection in the sense that there are three distinct areas around a "T" intersection and four around an ordinary 4-corner intersection. Hence, the appellants reason that the requirements of the proviso are met by uniform zoning of two-thirds of the areas around a "T" intersection.

However, no such interpretation of the proviso is permissible under application of the fundamental rules of statutory construction. It is elemental that the construction of statutory language in accordance with its common, ordinary meaning prevails when, as here, the words have not acquired a technical meaning and where a different meaning is not apparent or definitely indicated by the context. *Cab Co. v. Charlotte,* 234 N.C. 572, 68 S.E. 2d 433; *Mills Co. v. Shaw, Comr. of Revenue,* 235 N.C. 14, 68 S.E. 2d 816.

Moreover, to give to the proviso the construction urged by the appellants would lead to unreasonable or absurd results. For example: noting that the proviso provides for zoning "for a distance not to exceed one hundred fifty feet from the property line of said intersecting additional corners," let us assume a situation in which the two corners of the intersection of Brandywine Road south of Selwyn Avenue (the plaintiffs' corner and the corner directly across Brandywine from it) were zoned "Business-1" and the owner of the property at the top of the "T" should petition for like zoning, it is at once apparent that the proviso provides no formula by which any 150-foot segment could be located along the top of the "T" for the purpose of rezoning. Hence, it is manifest that the area along the top of the "T" at the dead-end intersection may not be treated as a corner within the meaning of the proviso in G.S. 160-173.

It is to be noted further that while ordinarily the function of a proviso is to limit, restrict, or qualify the statute to which it is engrafted so as to exclude from the scope of the statute something which otherwise would be within its terms, nevertheless, in the case at hand the nature of the proviso is to enlarge the scope of the statute (G.S. 160-173) by giving it a mandatory operation of extended application upon the happening of the event designated in the proviso. This being so, it is all the more manifest that the proviso should be held to include no case not clearly within its plain terms. See *Bank v. Mfg. Co.,* 96 N.C. 298, bot. p. 307 *et seq.,* 3 S.E. 363.

The judgment below will be upheld.

Affirmed.