THOMASVILLE OF NORTH CAROLINA LIMITED v. CITY OF THOMASVILLE, A MUNICIPAL CORPORATION

No. 7322SC24

(Filed 14 March 1973)

1. Municipal Corporations § 30— obligations incurred by builder — change in zoning classification — vested right of builder to proceed

Where plaintiff committed itself to a $60,000 earth moving contract and obligated itself by a promissory note and security agreement to the repayment of a $1,142,400 loan, such substantial contractual obligations, if incurred in good faith, vested in plaintiff the right to proceed with its apartment building project irrespective of any subsequent changes in zoning classification made by defendant city.

2. Municipal Corporations § 30— issuance of building permit — substantial expenditure by builder — good faith of builder

The trial court sitting as a jury did not err in holding that plaintiff's actions in reliance upon building permits issued it were taken in good faith where the evidence tended to show that plaintiff's plans to construct apartments were well known many months before any movement was made to rezone the property to a lower density classification, that plaintiff spent approximately $120,000 in preliminary plans, mortgage fees, legal fees and other expenses before the project was frustrated by defendant's actions, some of which defendant admits were illegal, that plaintiff was proceeding under permits issued pursuant to a final court judgment in a case which was not appealed and that plaintiff did not act with extraordinary haste or for the sole purpose of thwarting the effect of a zoning ordinance that would prohibit apartment construction on the property.

3. Municipal Corporations § 30— building permit — evidence of builder's expenditures — competency on good faith issue

In an action to enjoin defendant city from withdrawing building permits issued to plaintiff for the construction of an apartment, the trial court did not err in admitting evidence as to expenditures and commitments made by plaintiff before obtaining the permits since this evidence was competent on the question of whether plaintiff acted in good faith once the permits were obtained.

APPEAL by defendant from *Chess, Special Judge,* 22 May 1972 Session of Superior Court held in DAVIDSON County.

Through a complaint and motion filed 9 May 1972, plaintiff sought to have the City of Thomasville temporarily and permanently restrained and enjoined from withdrawing building permits issued to plaintiff for the construction of a one hundred unit apartment complex on a 10.296 acre tract of land within the city, and from interfering with plaintiff's right to proceed with the project as long as the construction complied with zoning restrictions encompassed under the zoning classification of R-2. This classification permits the construction of multiple family dwellings.

The property in question, and also adjoining properties, were zoned R-2 in June of 1967. Plaintiff and his predecessor in title acquired an option to purchase the property in early 1971 and immediately began negotiating with the United States Department of Housing and Urban Development (HUD) for approval of an apartment complex under a mortgage guarantee-rental subsidy program known as the "236 Program." Through its officers and agents, the city knew throughout the negotiations about the plaintiff's plans for the project and in May of 1971 the city's director of public works wrote the director of the Federal Housing Administration and advised that the tract of land was properly zoned for the proposed housing. HUD approved the project on 1 March 1972. On 8 March 1972, an application was filed by an adjoining landowner to have approximately 73 acres of land, including plaintiff's land, rezoned from R-2 to an R-3 classification. Under the city zoning ordinances, multi-family dwellings are not permitted on property zoned R-3.

On 15 March 1972, plaintiff exercised its option, purchased the property for approximately $56,000.00, and applied for the necessary building permits. The permits were not issued on that date because minor changes were needed in the plans and specifications. Plaintiff proceeded to rework the plans and specifications.

Although the city's mayor served as plaintiff's attorney, drawing deeds, searching the title, and otherwise assisting in legal matters pertaining to the purchase of the property, plaintiff received no notice of the pending zoning application until it applied for the building permits on 15 March 1972.

Thomasville v. City of Thomasville

On 28 March 1972, plaintiff submitted new plans and specifications and was advised that a bond would be required before building permits could be issued. On 30 March 1972, revised plans and specifications, along with the required bond, were delivered to the city's building inspector. The bond, application and plans were sufficient at that time to comply with the city's requirements, but the building inspector would not issue the permits until the bond was approved by the city attorney. The city attorney would not see plaintiff's agent on that date, stating that he was too busy. That same afternoon, the city council passed a purported ordinance prohibiting the issuance of building permits when the applicant's lands were the subject of a pending rezoning petition.

On 31 March 1972, notice was published that the rezoning application would be heard by the city council on 10 April 1972. On 6 April 1972, plaintiff obtained, through a civil action filed in Davidson County (72CVS620), an order restraining defendant from considering the application on 10 April 1972 and requiring defendant to issue the permits to plaintiff. The parties subsequently stipulated that the purported ordinance passed by the city council on 30 March 1972 was invalid.

On 14 April 1972, a final judgment was entered in 72CVS620 directing the city to issue the permits when plaintiff had met four conditions set forth in the judgment. Plaintiff complied with these four conditions on 17 April 1972 and the building permits were issued on that date.

On 8 May 1972, the city council adopted an ordinance rezoning the land in question from R-2 to R-3. A separate resolution was passed on the same date directing the city's building inspector to revoke the building permits issued to the plaintiff as the result of the Superior Court judgment in 72CVS620. On the following date, this action was instituted and a temporary restraining order issued, restraining defendant from revoking plaintiff's building permits pending further orders. After defendant received actual notice of this restraining order, but before it was served, the city's building inspector issued notices of revocation of the permits. On 11 May 1972, a supplemental order was issued restoring plaintiff's building permits until the hearing of this cause.

Only the plaintiff offered evidence when this cause came on for final hearing. The court, sitting without a jury, heard

the evidence and entered final judgment allowing plaintiff's motion in its entirety by granting the injunctive relief requested. The city appealed.

*Craige, Brawley by C. Thomas Ross and Hamilton C. Horton, Jr., and Hooper and McGuire by E. Willis Hooper for plaintiff appellee.*

*Saintsing & Leonard by George W. Saintsing for defendant appellant.*

GRAHAM, Judge.

" . . . [O]ne who, in good faith and in reliance upon a permit lawfully issued to him, makes expenditures or incurs contractual obligations, substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building for the proposed use authorized by the permit, may not be deprived of his right to continue such construction and use by the revocation of such permit, whether the revocation be by the enactment of an otherwise valid zoning ordinance or by other means, and this is true irrespective of the fact that such expenditures and actions by the holder of the permit do not result in any visible change in the condition of the land." *Town of Hillsborough v. Smith,* 276 N.C. 48, 55, 170 S.E. 2d 904, 909.

The evidence in this case shows, and the court found, that after plaintiff obtained the building permits by court order, and in reliance upon the permits, " . . . the plaintiff began work on the building site, committed itself to a $60,000.00 earth moving contract, and moved approximately 5,000 cubic yards of earth in preparation of the building site. On May 5th, the plaintiff obligated itself by a promissory note and security agreement to the repayment of a $1,142,400.00 loan, the proceeds of which are to be expended for the completion of the housing project. A provision of the security agreement is that if the entire project is not completed within 12 months, a $274.00 per day penalty falls on the general contract. Another provision of the security agreement is that if construction on the project stops for 20 days or more the mortgagee can enter upon and take over the project."

[1] The contractual obligations set forth above are unquestionably substantial in amount, and if incurred in good faith,

plaintiff has acquired a vested right to proceed with the project irrespective of any subsequent changes in zoning classification. The trial court concluded from facts found that " . . . plaintiff has complied with all the requirements of law and has acted in good faith in the preliminary planning of and commencement of actual construction of a housing project on its land."

[2] The city challenges the court's conclusion, arguing that since plaintiff knew of the pending zoning application on 15 March 1972, its actions in making expenditures and incurring obligations thereafter were, as a matter of law, not in good faith. Conceding *arguendo* that there was evidence which would support findings leading to a conclusion that plaintiff's actions were not in good faith, we are of the opinion that under the evidence presented here, the question of good faith was one for the trial judge in its capacity as a jury.

The city relies principally on the case of *Stowe v. Burke*, 255 N.C. 527, 122 S.E. 2d 374. There, defendant builders knew for many months of opposition to apartment construction in the area in question. The individual defendant repeatedly misrepresented to neighborhood residents that he knew nothing of a proposed apartment project and that he would do all that he could to maintain the exclusive and restricted character of the subdivision. On 5 April 1961, a proposal was submitted to the Charlotte City Council by the Planning Commission to rezone the property in question to prohibit apartment construction. Defendants were aware of the ordinance as early as 6 April 1961. They nevertheless obtained permits for an apartment project on 7 July 1961 and proceeded to move forward with construction at an ". . . extraordinary pace in an attempt, as admitted by defendants' counsel in brief filed in Supreme Court, to establish a right to continue the project before the area in question could be rezoned." The rezoning ordinance was adopted 17 July 1961. The Supreme Court held that under these facts the superior court was justified in concluding that defendants did not act in good faith in doing the work and making expenditures on the project.

The facts in the instant case are strikingly different from those in *Stowe*. Plaintiff here never misrepresented its plans to develop the property for apartment purposes. Its plans were well known for many months before any movement was made to rezone the property to a lower density classification. Plain-

tiff spent approximately $120,000.00 in preliminary plans, mortgage fees, legal fees and other expenses, and it was not until its investment in the project had become substantial that its efforts to carry forward the project were frustrated by city action, some of which the city now admits was illegal. It is true that these preliminary expenditures were made before the permits were obtained and therefore were not made in reliance on the permits. *Warner v. W & O, Inc.*, 263 N.C. 37, 138 S.E. 2d 782. However, an inference arises that even though plaintiff had notice of the pending zoning change at the time the permits issued, it was important that the project continue to move forward expeditiously in order to protect the substantial investment which plaintiff had already made. The fact that plaintiff was proceeding under permits issued pursuant to a final court judgment in a case that was not appealed serves to strengthen the inference that it was acting in good faith in incurring substantial obligations relating to the apartment project after the permits were issued. Moreover, there is no indication here that plaintiff acted with extraordinary haste, or for the sole purpose of thwarting the effect of a zoning ordinance that would prohibit apartment construction on the property.

We are of the opinion and hold that the trial court, which was sitting as a jury, did not err in holding that plaintiff's actions in reliance upon the building permits were taken in good faith.

[3]   The city assigns as error the admission of evidence over objection as to expenditures and commitments made by plaintiff before obtaining the building permits. These expenditures did not vest in plaintiff any right to have the zoning ordinance then in effect remain unchanged. ". . . [A] zoning ordinance does not vest in a property owner the right that the restrictions imposed by it upon his property or the property of others shall remain unaltered." *Marren v. Gamble*, 237 N.C. 680, 684, 75 S.E. 2d 880, 883. However, this evidence was nevertheless competent on the question of whether plaintiff acted in good faith once the permits were obtained. It tended to show that plaintiff's plans and negotiations to construct the apartments preceded by many months its application for a building permit, and that the actions taken by plaintiff after the rezoning petition was filed continued in a natural and customary sequence, and not in a manner suggesting plaintiff was engaging in a race with City Hall, attempting to acquire a vested right to proceed before the zoning regulations could be changed.

Finally, the city objects to the following conclusion of the trial court:

"4. The actions of the defendant City in attempting to obstruct the issuance of building permits to the plaintiff through the enactment of the purported ordinance of March 30th and the subsequent actions of the defendant City in attempting to revoke the building permits lawfully issued to the plaintiff on April 17th were arbitrary and capricious and in violation of the rights of the plaintiff."

Plaintiff did not attack the rezoning ordinance itself and this ordinance has not been invalidated by the judgment entered in this case. Whether the city's actions were arbitrary or capricious is immaterial. The fact is, that under the findings and conclusions of the court, which we affirm, the city may not interfere with plaintiff's vested right to continue its project in accordance with the permits issued and as a non-conforming use under the present zoning regulations.

Affirmed.

Judges CAMPBELL and BROCK concur.