HIGBEE and others, Appellants, vs. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Respondent.

*May 7—June 4, 1940.*

94

For the appellants there was a brief by *George H. Gordon, Law & Brody,* and *Higbee & Higbee,* all of La Crosse, attorneys, and *Ray B. Graves* of Wisconsin Rapids of counsel, and oral argument by *Mr. Graves* and *Mr. David S. Law,* and by *Mr. Robert Johns* of La Crosse.

For the respondent there was a brief by *Lees & Bunge* of La Crosse, *Sidney F. Blanc* and *Andrew C. Scott,* both of Chicago, Illinois, attorneys, and *J. C. James* and *Walter McFarland,* both of Chicago, of counsel, and oral argument by *Mr. Blanc* and *Mr. Andrew Lees.*

FOWLER, J. As appears from the foregoing statement, the trial court entered judgment dismissing plaintiffs' complaint that prayed judgment enjoining the defendant railroad company from abandoning service at a central passenger depot and erecting another passenger depot to supply such service near but within the city limits. The ground laid in the complaint for the injunction is in the main that the erection of the proposed depot would violate a zoning ordinance existing at the time an amending ordinance was enacted purporting to authorize the proposed change, which amending ordinance is claimed to be void as unreasonable and beyond the power of the common council to enact. The appellants assign as error, (1) the refusal of the court to sign proposed findings of detailed facts submitted by the appellants; (2) that the findings signed by the court do not support the judgment; and (3) that the court erred in holding reasonable the amending ordinance purporting to authorize the proposed change.

(1), (2) The refusal of the court to sign the findings submitted by the appellants did not constitute error if the find-

ings of the court so covered the issues as to support the judgment. Reference to the concluding portion of the preceding statement of facts will show that they support the judgment if the common council had power to amend the original ordinance.

That the council had such power seems too clear to permit of reasonable controversy. Sec. 62.23 (5) (c), Stats., provides that "the council may from time to time change the [zoning] districts and regulations" upon prescribed notice and hearings, which are not shown not to have been given and held prior to the ordinance change of which the plaintiffs complain. The original ordinance by section 18 thereof expressly provides that changes therein may be made by amendment upon submission of proposed changes to the city plan commission for its report and recommendations, which submission and report and recommendation were made. The contention in this respect seems to be that in making changes the original purpose and effect of the ordinance amended cannot be frustrated or destroyed, and from this that the creation of a two-acre district limited solely to restricted depot uses frustrates and destroys the purpose and effect of the original ordinance. That it so operates as to the two acres is of course plain. But if there be such a rule, the purpose and effect involved in the rule contended for is the purpose and effect of the original ordinance as a whole, and we cannot perceive that the provision as to the two acres has any such effect. It may also be considered in this connection that the original ordinance provides, section 11 E (8) that "If recommended by the public service commission" the board of appeals provided for by the ordinance, which is itself an agency of the city for administration of the ordinance, has power "to permit in appropriate cases and subject to appropriate conditions and safeguards in harmony with the general purpose and intent of this ordinance, a building or premises to be erected or used by a public-service corporation or for public-utility purposes in any location and for

any purpose which is reasonably necessary for the public convenience and welfare." What an agency of the city may do in administration of an ordinance the city itself through its common council may do by amendment of the ordinance. The depot is used by a public-utility corporation and fulfills a public-utility purpose. The public service commission recommended the proposed erection of the depot. A like provision was held valid in *State ex rel. Carter v. Harper,* 182 Wis. 148, 196 N. W. 451. The city planning commission, the common council, and the circuit court considered that the erection of the depot subject to the conditions imposed was in harmony with the general purpose of the ordinance, and they and the public service commission found that the erection of the depot was reasonably necessary for the public convenience and welfare.

It is urged that the ordinance creating the two-acre public-utility district is void because it is "spot zoning," which the brief states to be zoning "by which a small area situated in a larger zone is purportedly devoted to a use inconsistent with the use to which the larger area is restricted." But by this definition the devotion of a small area in a residence district to use for grocery stores, drugstores, candy and ice-cream parlors, barber shops, and the like, would be condemned, but it is common knowledge that zoning ordinances provide for them for the accommodation and convenience of the residents of the residential district. Such use is considered "not inconsistent with the use to which the larger area is restricted." "Spot zoning" is such zoning as is condemned in *State ex rel. Tingley v. Gurda,* 209 Wis. 63, 243 N. W. 317; *Geisenfeld v. Shorewood,* 232 Wis. 410, 287 N. W. 683; and *Rowland v. Racine,* 223 Wis. 488, 271 N. W. 36, wherein small areas in business or industrial districts were withdrawn from such districts and declared restricted to residences only. Doubtless an attempt to erect a manu-

facturing plant in a district zoned for and occupied by first-class single residences only might be properly held to be "spot zoning" and unreasonable and arbitrary, but this can hardly be held to be so as to buildings of public utilities devoted to public service and promotive of the public welfare, especially under the express declaration of the instant original ordinance.

(3) The controlling question in the instant case simmers down to whether the findings of the circuit court that the proposed depot will not create a nuisance, either private or public, and that the ordinance authorizing it is reasonable in view of the restrictions of use imposed by the ordinance and the entire factual situation involved. These findings of fact cannot be disturbed unless they are contrary to the great weight and clear preponderance of the evidence. This rule is so firmly established and well known that citation of authority in its support is unnecessary. We consider the findings adequately supported by the evidence.

The basis of the plaintiffs' complaint for the most part is that they are of opinion that the value of their property will be greatly diminished by reason of the location of the proposed depot. But zoning ordinances are enacted under the police power, and when in the lawful exercise of that power the value of property not taken is diminished the owners have no redress.

"Where the interest of the individual conflicts with the interest of society, such individual interest is subordinated to the general welfare. If in the prosecution of governmental functions it becomes necessary to take private property, compensation must be made. But incidental damage to property resulting from governmental activities, or laws passed in the promotion of the public welfare, is not considered a taking of the property for which compensation must be made. This has been stated over and over again." *State ex rel. Carter v. Harper, supra,* p. 153.

Many cases pro and con are cited in the briefs in support of the respective contentions of the parties, but we consider the decisions of our own court that we have referred to support and compel affirmance of the judgment. Further citation of authorities or discussion would serve no useful purpose.

*By the Court.*—The judgment of the circuit court is affirmed.