LONNIE F. WALKER AND WIFE, DISA H. WALKER v. TOWN OF ELKIN AND DUKE POWER COMPANY

(Filed 3 February, 1961.)

**1. Municipal Corporations § 25—**

Notice and an opportunity to be heard are prerequisite to the validity of a modification of municipal zoning regulations, but notice published in a newspaper of general circulation in the muncipality and county advising that changes in the zoning of described property and proposed change in the zoning ordinance of the municipality would be discussed, and inviting all persons interested in the proposed changes to be present, is sufficient to sustain a finding that notice of both change in the zoning regulations and in zone lines had been given. G.S. 60-175.

**2. Appeal and Error § 49—**

Findings of the court in respect to publication of notice in regard to zoning regulations of a municipality are conclusive when supported by evidence.

**3. Municipal Corporations § 25—**

Zoning regulations must be uniform in all the areas of a defined district, but it is not required that all areas of a defined class be contiguous, it being sufficient if all areas in each class be subject to the same restrictions. G.S. 160-173.

**4. Same—**

Amendment to a zoning regulation reclassifying an area containing 3.56 acres from a residential zone to a neighborhood business zone will not be held invalid on the ground that it is arbitrary or capricious, or constituted "spot zoning", when the evidence discloses that this particular

area, by reason of peculiar topography or other valid considerations, is unfit for residential purposes, and such conditions existing at the time of the change are such which would have originally justified the new classification.

APPEAL by plaintiffs from *Olive, J.,* July Term, 1960, of SURRY.

Elkin in 1954 enacted pursuant to the provisions of Art. 14, c. 160 of the General Statutes a comprehensive zoning ordinance. Zones were laid out designated as RA-8 Residential, RA-6 Residential, Neighborhood Business, Business and Industrial. The use to which a property owner might put his property was least restricted in the industrial zone. The restrictions increased in an ascending scale, RA-8 Residential being the most restricted.

The ordinance limited the use of "public utility storage or service yards" to business zones.

The zoning ordinance was amended in 1958 to permit the maintenance of "public utility storage or service yards" in a neighborhood Business zone.

The ordinance was again amended in 1960, reclassifying an area containing 3.56 acres. This area was orginally classified as RA-6 Residential. The amendatory ordinance put it in a neighborhood business zone.

After the area was reclassified, Duke Power Company purchased and announced its intention of erecting a building and using its property as a storage or service yard.

Plaintiffs, property owners adjacent to the area included in the amendatory ordinance of 1960, brought this action to determine the validity of the amendatory ordinances and for an injunction prohibiting the use of the reclassified area for any use not authorized in areas zoned as RA-6 Residential.

Defendants, by answer, asserted the validity of the amendatory ordinances and the right of Duke Power Company to use the property as permitted by the ordinances of 1958 and 1960. A jury trial was waived. Judge Olive found facts. Based on his findings, he concluded the amendatory ordinances were valid. He entered judgment accordingly. Plaintiffs, having excepted to the findings and conclusions, appealed.

*Deal, Hutchins and Minor for plaintiff appellants.*

*R. Lewis Alexander, Carl Horn, Jr., William I. Ward, Wendell R. Wilmoth, Allen, Henderson & Williams for defendant appellees.*

RODMAN, J. This appeal presents two questions: (1) Was the

ordinance of 1958 permitting the maintenance of public utility storage or service yards in Neighborhood Business zones void for failure to give notice of the proposed change as required by G.S. 160-175?

The statute is explicit. Notice with an opportunity to be heard must be given before the zoning ordinance can be modified. An ordinance adopted without notice as required by the statute can have no validity. *Eldridge v. Mangum,* 216 N.C. 532, 5 S.E. 2d 721.

The court found: "The amendment to the general zoning ordinance went into effect after April 25, 1958. It was adopted after due Notice of a Public Hearing on the amendment was published in The Elkin Tribune, a public newspaper of general circulation published in Elkin, Surry County, North Carolina, on November 7, 14, and 21, 1957, and after a public hearing was held at 8:00 o'clock P.M. on November 26, 1957." The court's finding with respect to publication is supported by the evidence. The finding is conclusive. *Eakley v. Raleigh,* 252 N.C. 683, 114 S.E. 2d 777; *Insurance Co. v. Shaffer,* 250 N.C. 45, 108 S.E. 2d 49.

The notice which the court found was published read:

"In The Matter of a Request for a Change of the Zone of the below described property to 'Neighborhood Business Zone' and a Request for change in Zoning Ordinance.

"Notice hereby is given that at 8:00 o'clock P.M. on November 26, 1957, a public hearing will be held by the Mayor and Board of Town Commissioners at the City Hall in the Town of Elkin, at which time the changes of the Zone of the below described property to that of Neighborhood Business will be thoroughly discussed, and that a proposed change in the zoning ordinance of the Town of Elkin to allow 'Public Utility Storage or Service Yard' in the Neighborhood Business Zone will be thoroughly discussed. All persons for or against these proposed changes are invited to be present and make whatever statements they desire."

Then followed a description of the property proposed to be rezoned.

Plaintiffs contend this notice related to a single change, i.e., to rezone a specific area and change its classification to Neighborhood Business with the privilege of operating public utility storage or service yards limited to the area so rezoned. Defendants assert the notice related to two distinct questions: (a) to reclassify an area, and (b) to permit the maintenance of storage or service yards in any area zoned as neighborhood business.

If plaintiffs' interpretation is correct, the ordinance is, as they assert, invalid. When a city adopts a zoning ordinance restrictions on use must be uniform in all areas in a defined class or district. Different areas in a municipality may be put in the same class.

The law does not require all areas of a defined class to be contiguous, but when the classification has been made, all areas in each class must be subject to the same restrictions. G.S. 160-173.

Manifestly the town did not intend to hold a hearing on the question of the adoption of a void ordinance. The first paragraph definitely indicates two questions are to be considered. Information is given that a discussion will be had of each question, and all persons "for or against *these proposed changes*" (emphasis supplied) are invited to attend. We do not think that any interested citizen could have been misled as to the questions open for debate. The court correctly concluded that the amendment adopted in 1958 was valid, and that the right existed to maintain public utility storage or service yards in any Neighborhood Business zones or districts.

(2) Was the reclassification of the area from Residential Neighborhood Business by the 1960 ordinance void because in excess of the authority vested in the town council?

The court found: "The 3.56-acre tract is a rough hill or ridge which has been graded down to some extent on top and also graded at the northwest corner of the intersection of N.C. Highway No. 268 and Church Street. On the south the property fronts on N.C. Highway No. 268 a distance of approximately 700 feet. It rises steeply from the highway presenting a high bank on its southern, or highway, side. The property just across Hendrix Avenue on the north and west from the 3.56-acre tract is undeveloped except near Church Street. The land on the east side of Church Street and on the south side of the highway had been built up for a number of years prior to the adoption of the general zoning ordinance in 1954. Six hundred feet in a direct line from the southeastern corner of the property is the new operations building and office of the Central Telephone Company. Six hundred to seven hundred feet directly southwest of the property is the Elkin water filtration plant and nearby is an electric substation. A new street has been opened since 1954 from the Elkin business section to N.C. Highway No. 268 with which it forms a junction near the southwest corner of the 3.56-acre tract. The Elkin water filtration plant is on this street which was opened into the highway. That due to the terrain and its location the 3.56-acre tract is not suitable for residential development."

"N. C. Highway No. 268 to North Wilkesboro, which adjoins the 3.56-acre tract to the south, is one of the two public highways passing through Elkin. There are no houses on the north side of the highway from Church Street to where Oakland Drive intersects said highway approximately one-half mile to the northwest beyond the 3.56-acre tract. There are no houses on the south side of the high-

way from Spring Street to where the highway crosses Elkin Creek also one-half mile or more to the northwest beyond the 3.56-acre tract."

There is evidence to support each of the specific findings, and these findings, we think, justify the factual conclusion that "the 3.56-acre tract is not suitable for residential development." Since the court was by consent exercising the function of a jury, it had the right to draw factual conclusions justified by the evidentiary facts.

Based on the facts found the court concluded:

"The Board of Commissioners of the Town of Elkin in adopting the rezoning ordinance on January 5, 1960, did not abuse its discretion. The action of the Board of Commissioners in adopting the ordinance was reasonable and not inconsistent with its charter, with its general zoning plan, or with the laws of North Carolina, particularly Chapter 160, Article 14, of the General Statutes."

Municipalities adopting zoning ordinances are commanded to enact regulations "made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality." G.S. 160-174.

The section which authorizes the original enactment of a zoning ordinance authorizes amendments. G.S. 160-175.

To prevent hasty or ill-conceived amendments, notice must be given of proposed changes. G.S. 160-175. If twenty per cent of the property owners in, abutting on, or opposite the area to be affected by the proposed change protest, the change cannot be made unless approved by the affirmative vote of three-fourths of all members of the legislative body of the municipality. G.S. 160-176. Here only two property owners other than plaintiffs protested the change. None are property owners within the area. The change was approved by four of the five members of the town council.

The term "spot zoning" has frequently been used by the courts and text writers when referring to changes limited to small areas. Different conclusions have been reached on seemingly similar factual situations. We think the basic rule to determine the validity of an amending ordinance is the same rule used to determine the validity of the original ordinance. *Elizabeth City v. Aydlett,* 201 N.C. 602, 161 S.E. 78. The legislative body must act in good faith. It cannot act arbitrarily or capriciously. If the conditions existing at the time of the proposed change are such as would have originally justified the proposed action, the legislative body has the power to act.

*Eggebeen v. Sonnenburg,* 138 A.L.R. 495; *Keller v. City of Council Bluffs, Iowa,* 51 A.L.R. 2d 251; 58 Am. Jur. 1033; 101 C.J.S. 845.

The facts found are sufficient to support the court's legal conclusions and the judgement based thereon.

No error.