CHARLES F. DECKER, MARGARET C. DECKER, MRS. RALPH T. MIDDLETON, DEWEY M. RAMSEY, NAVODA B. RAMSEY, JANIE H. WILLARD, JOHN E. WILLARD, JR., LARRY FRANCIS McCRACKEN, MADGE M. McCRACKEN, REX W. MOSELEY, SYLVIE Y. MOSELEY, F. E. LONG, LAWRENCE C. STOKER, JACQUELINE W. STOKER, BETTY JOAN WALKER, MAMIE RUTH PRITCHARD, MILDRED G. CALL, JOHN S. YERMACK, ALICE R. YERMACK, LARRY SILVER, BETTY MARTIN, LAURA ANN GARLAND, LENOID WENNINGHAM, SAMMY S. WENNINGHAM, NELL B. ROBINSON, ELLSWORTH R. RECTOR, LUCILLE R. RECTOR, WILLIAM A. NORTON, NANCY S. NORTON, MARY H. EISENHAUER, LARRY N. VAUGHN, FREDA G. VAUGHN, HENRY V. BLANTON, ANN P. BLANTON, DAVID M. WEAVER, ISABEL S. WEAVER, v. RICHARD L. COLEMAN AND WIFE, BETTY B. COLEMAN

No. 6928SC39

(Filed 17 September 1969)

1. **Appeal and Error § 6—  appeal from interlocutory injunction**

Appeal from an interlocutory injunction is not premature where the order appealed from adversely affects a substantial right of appellants.

2. **Municipal Corporations § 30—  zoning ordinance — interpretation of language**

The law is disposed to interpret language in a zoning ordinance in the light of surrounding circumstances and to give to such words their ordinary meaning and significance.

3. **Municipal Corporations § 30—  zoning ordinance — interpretation of language**

Proviso of a city zoning ordinance requiring defendants to maintain "inviolate" a 50-foot buffer zone was properly interpreted by the trial court to prohibit defendants from "engaging in any activities in the cutting of timber, making of excavations, or in any manner altering or changing" the 50-foot buffer zone.

4. **Municipal Corporations § 30—  power to zone — State**

The power to zone is the power of the State and rests initially in the General Assembly.

5. **Municipal Corporations § 30—  power of municipality to zone**

While a municipal corporation has no inherent power to zone its territory and restrict to specified purposes the use of private property in each such zone, such power has been delegated to the cities and incorporated towns of this State by the General Assembly. G.S. 160-172 et seq.

6. **Municipal Corporations § 30—  municipal zoning power — limitations**

Exercise of the zoning power by a city is subject to the limitations imposed by the Constitution upon the legislative power of the State for-bidding arbitrary and unduly discriminatory interference with the rights of property owners, and to the limitations in the statutes by which the power was delegated.

**7. Municipal Corporations § 30— zoning ordinance — uniform restrictions in each class**

While the law does not require all areas of a defined class in a zoning ordinance to be contiguous, all areas in each class must be subject to the same restrictions. G.S. 160-173.

**8. Municipal Corporations § 30— zoning classification — restriction applicable to defendants' property**

Proviso of a municipal zoning ordinance requiring defendants "to maintain inviolate a 50-foot buffer zone" between their property zoned "Roadside Business Property" and an adjacent residential area, which proviso by its express terms applied only to property owned by defendants and not to property with the same zoning classification owned by other persons, *is held* void, since all areas zoned "Roadside Business Property" are not subject to the same restrictions.

**9. Municipal Corporations § 30; Statutes § 4— zoning ordinance — portion invalid — validity of remainder**

Invalidity of a proviso of a municipal zoning ordinance does not affect the validity of the remaining provisions of the ordinance, where the remaining provisions are separable from the invalid proviso and the City Council expressly declared its intention that the valid portions be given full effect if any portion should be held invalid.

**10. Injunctions § 4— interlocutory injunction — restraining violation of ordinance**

The trial court erred in restraining defendants *pendente lite* from making excavations on their property without first obtaining a permit as required by city ordinance, and from commencing construction of a Group Development upon their property without first complying with requirements of a city ordinance, where plaintiffs failed to allege and offered no proof that defendants have in fact violated such ordinances.

APPEAL by defendants from *Braswell, J.,* 5 August 1968 Non-Jury Civil Session of BUNCOMBE Superior Court.

This is a civil action in which plaintiffs seek a permanent injunction restraining defendants from: (1) cutting timber on, excavating, or in any manner altering a 50-foot "buffer" strip of land owned by defendants bordering residential lots owned by plaintiffs, in alleged violation of a city ordinance; (2) making excavations on defendants' remaining property adjacent to the "buffer" strip without first obtaining a permit as required by city ordinance; and (3) commencing construction of a "group development" on defendants' property without first complying with provisions of a city zoning ordinance dealing with group developments.

Defendants are owners of a 62-acre tract of land fronting on U.S. Highway No. 74 near its intersection with Tunnell Road in the City of Asheville, N. C., on which they plan to construct a shopping

center. Plaintiffs are owners of adjacent residential lots, which are zoned "RA-6 Residential" under the City Zoning Ordinance. Defendants' 62-acre tract is comprised of a large number of lots, including a lot designated as Lot 2½, Sheet 21, Ward 8. Prior to 26 August 1965 this lot was also zoned "RA-6 Residential," while the remainder of the 62-acre tract was and is zoned "Roadside Business Area." On 26 August 1965 the Asheville City Council, pursuant to application for rezoning made by defendants, adopted Ordinance No. 525 as an amendment to the City Zoning Ordinance, by which the zoning classification of Lot 2½, Sheet 21, Ward 8 was changed from RA-6 Residential to Roadside Business Area, subject to the following proviso:

> "PROVIDED, that the developers and owners of the property involved, including that property heretofore zoned Roadside Business Area belonging to the same developers and/or owners, be required to maintain *inviolate* a 50-foot buffer zone adjacent to the residential area for the entire length of said Roadside Business Area, and PROVIDED FURTHER that no access road, street or alley, or any type of access, be permitted over the said 50-foot buffer zone from the Parkway Plaza site into the abutting residentially zoned property, and PROVIDED FURTHER that the developer comply with the requirements of the Asheville Zoning Ordinance having to do with, or in respect to group developments, and also providing that the developer comply with existing ordinances regulating excavation of land."

The 50-foot buffer zone described in the proviso in Ordinance No. 525 lies not only along the boundary line of the Lot 2½, Sheet 21, Ward 8, which was the lot being rezoned by that ordinance, but also along the entire boundary line of defendants' 62-acre tract lying adjacent to the residential area.

Preparatory to constructing their planned shopping center, defendants began clearing their entire tract, including the 50-foot strip along the boundary adjacent to the residential area. On 1 August 1968 plaintiffs instituted this suit in the Superior Court of Buncombe County, seeking a temporary restraining order and a permanent injunction. On the same date the resident superior court judge entered an order upon the complaint used as an affidavit, restraining defendants from, among other things, "engaging in any activities in the cutting of timber, making of excavations, or in any manner altering or changing the 50-foot inviolate buffer provided for in Ordinance #525," and ordering the defendants to appear before the

judge assigned to hold the Buncombe Superior Court on 7 August 1968 to show cause why the restraining order should not be continued in effect until the final determination of this action. Upon the hearing, the temporary restraining order was ordered continued in effect until the final determination, and from this order defendants appealed.

*No counsel for plaintiff appellees.*

*Bennett, Kelly & Long, by George Ward Hendon, for defendant appellants.*

PARKER, J.

[1]　The order appealed from adversely affects a substantial right of the appellants and the appeal is, therefore, not premature. G.S. 1-277; *Board of Elders v. Jones,* 273 N.C. 174, 159 S.E. 2d 545; *Cablevision v. Winston-Salem,* 3 N.C. App. 252, 164 S.E. 2d 737.

[2, 3]　Appellants' first contention is that the trial court erred in its interpretation of the proviso in City Ordinance No. 525; that the language therein that the defendants "be required to maintain *inviolate* a 50-foot buffer zone," should not be interpreted, as was done by the trial court, so as to prohibit defendants from "engaging in any activities in the cutting of timber, making of excavations, or in any manner altering or changing the 50-foot inviolate buffer." With reference to zoning, however, "the law is disposed to interpret language in the light of surrounding circumstances and to give to words their ordinary meaning and significance." *Penny v. Durham,* 249 N.C. 596, 107 S.E. 2d 72. The word "inviolate" is defined in Webster's Third New International Dictionary (1966) as "free from change or blemish, pure, unbroken, free from assault or trespass, untouched, intact." The word has also been defined as meaning "unbroken, unhurt, uninjured, unpolluted." 48 C.J.S. 762. Therefore, we think that the trial court did give to the word its ordinary meaning when it interpreted the ordinance by restraining defendants from "engaging in any activities in the cutting of timber, making of excavations, or in any manner altering or changing" the 50-foot buffer zone. The question arises whether, so interpreted, the proviso in the ordinance is valid.

[4-6]　The power to zone is the power of the State and rests initially in the General Assembly. *Schloss v. Jamison,* 262 N.C. 108, 136 S.E. 2d 691. "A municipal corporation has no inherent power to zone its territory and restrict to specified purposes the use of pri-

vate property in each such zone. Such power has, however, been delegated to the cities and incorporated towns of this State by the General Assembly. G.S. 160-172, *et seq.*" *Zopfi v. City of Wilmington*, 273 N.C. 430, 434, 160 S.E. 2d 325, 330. Exercise by a city of this delegated power is subject both to limitations imposed by the Constitution upon the legislative power of the State itself, forbidding arbitrary and unduly discriminatory interference with the rights of property owners, and is also subject to the limitations in the statutes by which the power was delegated. *Zopfi v. City of Wilmington, supra; Schloss v. Jamison, supra; Marren v. Gamble*, 237 N.C. 680, 75 S.E. 2d 880.

In the present case appellants contend that the proviso to the Asheville City Ordinance No. 525, as the language of that proviso has been interpreted and applied by the trial court's order, imposes unconstitutional limitations upon the use of their property. We do not, however, find it necessary to decide the constitutional question sought to be raised. In our view the proviso to the ordinance is clearly invalid as contravening the provisions of the enabling statutes which are the sole source from which the city derives its delegated power to zone.

G.S. 160-172 in pertinent part provides:

"For the purpose of promoting health, safety, morals or the general welfare of the community, the legislative body of cities and incorporated towns is hereby empowered to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes."

G.S. 160-173 in pertinent part provides:

"For any or all said purposes it may divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this article; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of building throughout each district, but the regulations in one district may differ from those in other districts."

[7]    Our Supreme Court has construed G.S. 160-173 to impose the following limitation on a city's power to zone:

"When a city adopts a zoning ordinance restrictions on use

must be uniform in all areas in a defined class or district. Different areas in a municipality may be put in the same class. The law does not require all areas of a defined class to be contiguous, *but when the classification has been made, all areas in each class must be subject to the same restrictions." Walker v. Elkin,* 254 N.C. 85, 87; 118 S.E. 2d 1, 3.

[8]    In the present case defendants' property has been classified under the Asheville Zoning Ordinance as "Roadside Business Area." As such, it is subject to all of the same restrictions imposed on other properties given this same classification throughout the City. The proviso to Ordinance 525, however, purports to impose an additional restriction, applicable only to defendants' property and not imposed on land zoned "Roadside Business Area" as it lies adjacent to a residential area in any other location in the City. In fact on no other property within the City does the Asheville Zoning Ordinance place similar restrictions on the use of property. Section 7A of the Ordinance, which creates a zoning classification for a "Restricted Business District," does provide in Subsection E, under the heading "Buffering," for a greenbelt planting strip not less than 15-feet wide along the side and rear lot lines abutting or lying across the street from property zoned for residential use. However, the 15-foot buffer strip provided for by this subsection is far different from the 50-foot buffer zone which the proviso to Ordinance 525 creates on defendants' property and requires them to maintain "inviolate." Subsection E of Section 7A of the City Zoning Ordinance not only permits clearing and planting of the 15-foot greenbelt planting strip described therein, but even contemplates that this be done by providing in considerable detail for the type, number, and spacing of trees and shrubs to be planted thereon. It is certainly not to be maintained *inviolate;* it is less than one-third the width of the buffer zone created by the proviso to Ordinance 525; and in any event it applies only to property zoned as "Restricted Business District," not to property zoned, as was the defendants' property, as "Roadside Business Area." In addition, it should be noted that the proviso to Ordinance 525 purports to place a restriction only upon "the developers and owners of the property involved, including that property heretofore zoned Roadside Business Area *belonging to the same developers and/or owners."* (Emphasis added.) Thus, by its express terms, the proviso is made to apply only to property owned by the defendants in this action, and not to property owned by any other persons anywhere else in the City of Asheville.

[9]    Since the proviso to Ordinance 525 exceeded statutory limitations imposed by the General Assembly when it enacted the stat-

utes delegating to cities power to enact zoning ordinances, the proviso is void. However, this holding does not affect the validity of the remaining portions of Ordinance 525, the City Council having expressly declared in Section 3 its intention that if any portion of the Ordinance is for any reason held to be invalid, such decision should not affect the validity of the remaining portions of the Ordinance. "It is well settled that if valid provisions of a statute, or ordinance, are separable from invalid provisions therein, so that if the invalid provisions be stricken the remainder can stand alone, the valid portions will be given full effect if that was the legislative intent." *Jackson v. Board of Adjustment*, 275 N.C. 155, 168, 166 S.E. 2d 78, 87. Here, the Asheville City Council has expressly declared such an intent.

[10]     The restraining order issued in this case, which was continued in effect pendente lite, also restrained defendants "from making any excavations upon the property of the defendants adjacent to said 50-foot buffer without first obtaining an excavation permit as required by Ordinance #427 of the City of Asheville as amended by Ordinance #435 of the City of Asheville. . . ." In the order continuing the restraining order in effect pendente lite, the court found as a fact that the defendants were "engaged in the excavation of land adjacent to the 50-foot buffer zone and this excavation is being carried on without the issuance of a permit for this operation as required by Ordinance No. 427 as amended by Ordinance No. 435." We have carefully examined the record and find no evidence whatsoever to support this finding of fact. The plaintiffs' complaint, even considered as an affidavit, merely alleged that the plaintiffs were "informed and believed" that the defendants were engaged in the excavation of their land in violation of the ordinances referred to. The plaintiffs offered no evidence to support the finding that defendants were actually engaged in such excavations, and the male defendant testified at the hearing that he had done no excavations on his property, including the 50-foot buffer zone. Ordinance No. 427 as amended by Ordinance No. 435 provides that no excavation or filling operation may be started within the City until an appropriate permit is issued. Since there was neither proper allegation nor any proof that defendants were engaged in violating those ordinances, the order continuing the restraining order in effect restraining violation of those ordinances was error.

Defendants were further restrained from "commencing any construction of a Group Development upon the real property of the defendants adjacent to said 50-foot buffer without first complying with the requirements of Section 9 C of Ordinance #322 of the City of

Asheville dealing with Group Developments. . . ." Plaintiffs in their complaint alleged that they were informed and believed "that the defendants are preparing to commence construction of buildings in a Group Development" upon their lands and "that the plaintiffs are apprehensive less the defendants undertake said construction without complying with the requirements of Section 9 C of Ordinance # 322 of the City of Asheville having to do with group developments." Plaintiffs have failed to allege, and have offered no evidence to show, that the defendants have in fact violated Section 9 C of Ordinance No. 322, and therefore the order restraining defendants from violation of such ordinance pendente lite was error.

For the reasons stated herein the order continuing the restraining order in effect pendente lite was error, and this cause is remanded to the Superior Court of Buncombe County for entry of an order in accordance with this opinion.

Reversed and remanded.

MALLARD, C.J., and BRITT, J., concur.