Dear Secretary Johnson,
¶ 0 This office has received your request for an official Attorney General Opinion, in which you ask the following questions:
1. In view of Sections 7 and 9 of the Enabling Act together withSection 2, Article XI of the Oklahoma Constitution, is theprincipal of the permanent school fund inviolate and not subjectto being diminished or diverted for any other use or purpose thanfor the benefit of the common schools throughout the State ofOklahoma?
2. In view of the recent amendments to Section 15, Article X ofthe Oklahoma Constitution together with new legislation added toTitle 70 O.S. Sections 15-201[70-15-201] through 15-211 inclusive andamendatory language to Title 62 O.S. Section 362[62-362], is the CLOBond Guarantee as defined in the above, legal and binding uponthe permanent school fund?
 I. GENERAL NATURE OF THE SCHOOL LAND TRUSTS, AND THE STATE OF OKLAHOMA'S ACCEPTANCE OF SCHOOL LAND PROPERTY
¶ 1 In 1906, when the United States Congress passed the Oklahoma Enabling Act, Act of Congress, June 16, 1906, c. 3335, §§ 1-22, 34 Stat. 267-278, Congress provided that the inhabitants of what then constituted the Territory of Oklahoma and Indian Territory could adopt a Constitution and become the State of Oklahoma through the calling of a State Constitutional Convention and by following various other procedures.
¶ 2 The Enabling Act also provided that upon admission of the State of Oklahoma into the Union, certain property and monies would be granted by the federal government to the new State, in trusts, for the use and benefit of schools, universities and other public institutions. Oklahoma Enabling Act, §§ 7-12,34 Stat. 267, 272-274 (1906).
¶ 3 More specifically, Section 7 of the Enabling Act granted to the State, upon admission to the Union, lands to be used for the benefit of common schools:
 That upon the admission of the State into the Union sections numbered sixteen and thirty-six, in every township in Oklahoma Territory and all indemnity lands heretofore selected in lieu thereof, are hereby granted to the State for the use and benefit of the common schools[.]
Oklahoma Enabling Act, § 7, 34 Stat. 267, 272 (1906) (emphasis added).
¶ 4 Section 7 of the Enabling Act also appropriated to the State the sum of "five million dollars for the use and benefit of the common schools" of the State. This appropriation under Section 7, was required to be "held and invested by said State, in trust, for the use and benefit of said schools, and the interest thereon shall be used exclusively in the support and maintenance of said schools." The appropriation, together with the proceeds from the sale of any of the lands granted to the State by Section 7 of the Enabling Act, were deemed "a permanent school fund," which could only be expended in support of common schools under Section 9 of the Enabling Act:
 That said sections sixteen and thirty-six, and lands taken in lieu thereof, herein granted for the support of the common schools, if sold, may be appraised and sold at public sale in one hundred and sixty acre tracts or less, under such rules and regulations as the Legislature of the said State may prescribe, preference right to purchase at the highest bid being given to the lessee at the time of such sale, the proceeds to constitute a permanent school fund the interest of which only shall be expended in the support of such schools. But said lands may, under such regulations as the Legislature may prescribe, be leased for periods not to exceed ten years; and such lands shall not be subject to homestead entry or any other entry under the land laws of the United States, whether surveyed or unsurveyed, but shall be reserved for school purposes only.[1]
Oklahoma Enabling Act, § 9, 34 Stat. 267, 274 (1906) (emphasis added).
¶ 5 The people of the State of Oklahoma, in adopting the State Constitution, accepted the lands granted them in the Enabling Act, to be kept in trust for the purposes and under the conditions specified in Congress' grant. In Article XI, § 1 of the Constitution, the State accepted the granted lands and proceeds therefrom as a sacred trust for the use and purposes granted:
 The State hereby accepts all grants of land and donations of money made by the United States under the provisions of the Enabling Act. . . . for the uses and purposes and upon the conditions and under the limitations for which the same are granted or donated; and the faith of the State is hereby pledged to preserve such lands and moneys and all moneys derived from the sale of any of said lands as a sacred trust, and to keep the same for the uses and purposes for which they were granted or donated.
Okla. Const. art XI, § 1 (emphasis added).
 The Permanent School Fund
¶ 6 The State at Article XI, § 2 of the Oklahoma Constitution, provides that the permanent school fund shall consist of:
 1. "All proceeds of the sale of public lands . . . given by the United States for the use and benefit of the common schools";
 2. "[A]ll such per centum as may be granted by the United States on the sales of public lands";
 3. The "five million dollars appropriated to the State for the use and benefit of the common schools";
 4. "[T]he proceeds of all property that shall fall to the State by escheat";
 5. "[T]he proceeds of all gifts or donations to the State for common schools"; and
 6. "[S]uch other appropriations, gifts, or donations as shall be made by the Legislature for the benefit of the common schools."[2]
¶ 7 In accepting the permanent school fund, Article XI, § 2 of the Oklahoma Constitution restricted the use of the income from that school fund to the use and maintenance of common schools, and further provided that the trust fund held by the State would "forever remain inviolate," and that the permanent school fund trust could increase, but could never be diminished. Finally, Article XI, § 2 provided that the State would reimburse the fund for all losses and that the fund would not be diverted for any other use:
 [T]he income from which shall be used for the maintenance of the common schools in the State. The principal shall be deemed a trust fund held by the State, and shall forever remain inviolate. It may be increased, but shall never be diminished. The State shall reimburse said permanent school fund for all losses thereof which may in any manner occur, and no portion of said fund shall be diverted for any other use or purpose.
Okla. Const. art. XI, § 2 (emphasis added).
¶ 8 Both of your questions deal with the nature and use of this permanent school fund held in trust by the State of Oklahoma.
 II. INVIOLATE NATURE OF THE PERMANENT SCHOOL FUND TRUST
¶ 9 In your first question you asked whether the principal of the permanent school fund is inviolate and not subject to being diminished or diverted for any use or purpose other than for the benefit of the common schools throughout Oklahoma.
¶ 10 As discussed above, the lands granted to the State for the use and benefit of the common schools, together with funds appropriated by Congress for that purpose, and other funds constitute the permanent school fund that was accepted in the Oklahoma Constitution. The State Constitution at Article XI, § 2 expressly provides that the permanent school fund be held in trust for the benefit of the common schools and that the fund shall remain "inviolate." The Constitution, also expressly provides that the fund can never be diminished. Id. Any diminishment of the fund, or any diversion of the fund for any use other than that of the common schools must be reimbursed by the State.
¶ 11 Article XI, § 2 of the Oklahoma Constitution thus makes it clear that the permanent school fund must remain "inviolate." The word "inviolate," in common usage, means "free from change or blemish," "pure," "untouched," "intact." Webster's Third New International Dictionary 1190 (1981). To similar effect, seeDecker v. Coleman, 169 S.E.2d 487, 489-90 (N.C.App. 1969) in which the North Carolina Court of Appeals interpreted "inviolate" to mean "pure," "unbroken," "untouched, intact," "free from change or blemish," "free from assault or trespass."
¶ 12 Article XI, § 2 requires that the permanent school fund be maintained inviolate. It specifically states that the fund is to be held in trust, and "remain inviolate," and expressly requires the fund not be diminished and that if for any reason it is reduced, the State is obligated to reimburse the fund.
¶ 13 Thus, in answer to your first question, we conclude that the permanent school fund provided for in Sections 7 and 9 of the Oklahoma Enabling Act, 34 Stat. 267, 272, 274 (1906), and in Article XI, § 2 of the Oklahoma Constitution, is a trust fund maintained by the State of Oklahoma for the sole use and benefit of the State common schools; the principal of the fund may not be diminished nor diverted for any other purpose, and must remain inviolate. Further, Article XI, § 2 of the Oklahoma Constitution requires that if for any reason the permanent school fund is diminished or diverted for a use other than for the common schools, the State is obligated to reimburse the fund.
 III. BOND GUARANTEE PROGRAM OF THE COMMISSIONERS OF THE LAND OFFICE
¶ 14 In your second question, you asked whether a loan guarantee issued under the Commissioners of the Land Office's bond guarantee program is legal and binding upon the permanent school fund.
¶ 15 The bond guarantee program you inquire about is authorized by Article X, § 15 of the Oklahoma Constitution. That provision generally prohibits the giving, pledging or loaning of the State's credit to any individual, company corporation, or association, municipality or political subdivision of the State. The Section does, however, provide for exceptions to these prohibitions. At subsection E, Article X, § 15 creates anexception, which permits the use of the permanent school fund toguarantee bonds issued by school districts, boards of educationand public institutions of higher education:
 Bonds issued by the board of education of any school district or public institutions of higher education may be guaranteed by the corpus of the permanent school fund, provided:
 1. As to bonds issued by the board of education such bonds must be approved by election of the school district upon the question of issuing such bonds;
 2. As to bonds issued by an institution within The Oklahoma State System of Higher Education such bonds are issued in accordance with all applicable provisions of law; and
 3. Provisions shall be made by the Legislature to guarantee prompt reimbursement to the corpus of the permanent school fund for any payment from the fund on behalf of a school district or on behalf of an institution within The Oklahoma State System of Higher Education. The reimbursement shall include a reasonable rate of interest. The provisions of this paragraph regarding use of the permanent school fund for guarantee of bonds issued by an institution within The Oklahoma State System of Higher Education shall not be self-executing and the Legislature shall provide by law the procedure pursuant to which such obligations may be guaranteed and the procedures for repayments, if any, required to be made to the permanent school fund.
Okla. Const. art. X, § 15(E) (emphasis added).
¶ 16 As can be seen, paragraph E, in authorizing the use of the permanent school fund to guarantee school loans, mandates that the fund remain inviolate by requiring that the Legislature must provide for prompt reimbursement of the corpus of the fund should any payments from the fund be made on behalf of a school district or an institution within the Oklahoma State System of Higher Education. Further, that reimbursement must include a reasonable rate of interest.
¶ 17 In compliance with these requirements, the Legislature enacted the provisions of 70 O.S. Supp. 1995, §§ 15-201[70-15-201] through 15-211. Those sections provide for a permanent school fund guaranty program with the following features:
 1. The permanent school fund can guarantee bonds issued by school districts only upon approval by the Commissioners of the Land Office, 70 O.S. Supp. 1995, § 15-202[70-15-202].
 2. The program establishes an application procedure under which the Commissioners of the Land Office examine, approve or reject bonds for which the issuer seeks to use the permanent school fund as a guarantee, 70 O.S. Supp. 1995, § 15-204[70-15-204].
 3. Bonds sought to be brought under the program must be reviewed by the State Bond Advisor, who is to advise the Commission of the validity of the guarantee application, 70 O.S. Supp. 1995, § 15-205[70-15-205].
 4. When it is determined that a school district will be unable to pay a maturing or matured principal or interest on a guaranteed bond, the Commissioners of the Land Office shall transfer from the permanent school fund, monies necessary to pay the maturing or matured principal or interest, 70 O.S. Supp. 1995, §§ 15-207[70-15-207] and 15-208.
¶ 18 More importantly, with respect to the question at hand, the Legislature at 70 O.S. Supp. 1995, § 15-210[70-15-210] has provided a method of reimbursing the permanent school fund with interest, should the Commissioners make payments from the fund on behalf of a school district. That section provides:
 A. If the Commissioners make payment from the fund on behalf of a school district, the Commissioners
shall withhold from any trust fund apportionment payable to the school district until the amount paid, plus interest, is repaid in full or the Commissioners may proceed to collect the deficient payments plus interest and reasonable attorney fees as provided by Section 365.5 of Title 62 of the Oklahoma Statutes.
Monies collected from said school district for deficient payments shall be forwarded to the Commissioners within thirty (30) days of collection. In the determination of State Aid pursuant to Section 18-200 of Title 70 of the Oklahoma Statutes the State Apportionment component of the Foundation Program Income shall be determined as if the school district had received all state apportionment funds withheld pursuant to this section.
 B. The amount withheld shall be deposited to the credit of the permanent school fund.
 C. Immediately following any payments from the fund on behalf of a school district pursuant to this section, the Commissioners shall notify the State Treasurer of the payment for purposes of taking any action as is required by Section 8 of this act.
70 O.S. Supp. 1995, § 15-210[70-15-210] (emphasis added).
¶ 19 Under the exception provided in Article X, § 15, the use of the permanent school fund to guarantee the bond issues of school districts and institutions of higher learning is removed from the general prohibitions of that provision. Thus, the Commissioners of the Land Office's bond guarantee program does not violate the provisions of Article X, § 15.
¶ 20 Additionally, as required by the exception for such guarantees in Article X, § 15, the Legislature has established a method for reimbursing any monies paid out of the fund by virtue of the bond guarantee program. That method provides for total reimbursement with interest and thus meets the Constitution's requirements.
¶ 21 Finally, the use of the permanent school fund, as authorized by the exception in Article X, § 15 and provided for in 70 O.S. Supp. 1995, §§ 15-201[70-15-201] through 15-211, is a use consistent with the requirements of the Enabling Act and ArticleXI of the Oklahoma Constitution. As discussed above, Article XI
of the Oklahoma Constitution, and Sections 7 and 9 of the Oklahoma Enabling Act require that the permanent school fund only be used for the use and benefit of common schools. The use of such funds to aid common schools by guaranteeing bonds issued by the schools, which results in the schools obtaining a better bond rating, is a use consistent with those restrictions. The guarantee program benefits the school districts by facilitating the issuance of their bonds and enabling them to sell their bonds at better rates. Thus, the guarantee program is for the use and benefit of the school districts.
¶ 22 It is, therefore, the official Opinion of the AttorneyGeneral, that:
1. Sections 7 and 9 of the Oklahoma Enabling Act, 34 Stat. 267, 272, 274 (1906), and Section 2 of Article XI of the Oklahoma Constitution provide for the permanent school fund. That fund consists of:
a. All proceeds of the sale of public lands given by the United States for the use and benefit of the common schools,
b. All per centum as may be granted by the United States on the sale of public lands,
c. Five million dollars appropriated to the State for the use and benefit of the common schools,
d. The proceeds of all property that fall to the State by escheat,
e. The proceeds of all gifts or donations to the State for the common schools, and
f. Such other appropriations, gifts or donations that shall be made by the Legislature for the benefit of the common schools.
2. In accepting the grants made by the federal government in establishing the permanent school fund, the State of Oklahoma at Article XI, § 2 of the Oklahoma Constitution, required that the permanent school fund may only be used for the use and benefit of the State's common schools, and that the principal of the fund shall be deemed a trust which shall "forever remain inviolate," — that is, it shall forever remain intact. The constitutional provision also requires that the State shall reimburse the permanent school fund for all losses thereof which may in any manner occur, and that no portion of the fund shall be converted for any other use or purpose.
3. As permitted by Article X, § 15(E), of the Oklahoma Constitution and the legislation enacted in accordance with that provision, 70 O.S. Supp. 1995, §§ 15-201[70-15-201] through 15-211, the principal of the permanent school fund, when the conditions required in those provisions are met, can be used to guarantee bonds issued by State school districts.
4. Bond guarantees issued by the Commissioners of the Land Office in compliance with the requirements of Article X, § 15(E) and 70O.S. Supp. 1995, §§ 15-201[70-15-201] through 15-211, are binding legal obligations which pledge the permanent school fund to guarantee bond issues of the school districts of the State.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] Additionally, other lands, for other purposes, were granted to the State, in trust. For example, in Section 8 of the Enabling Act, Congress granted lands to the State for the use and benefit of the University of Oklahoma and the University Preparatory School, normal schools, Agricultural and Mechanical College and the Colored Agricultural Normal University, as well as lands for public institutions and buildings. While these lands and other granted lands were accepted by the State in trust for the uses set forth in the Enabling Act, those lands were not denominated part of the permanent school fund established for the use and benefit of common schools. Oklahoma Enabling Act, § 8,34 Stat. 267, 273 (1906).
Because this Opinion is addressed only to the nature and use of the permanent school fund, this Opinion does not deal with the use of and restrictions placed upon these other lands granted the State, as those lands are not part of the permanent school fund.
[2] In pertinent part, Article XI, § 2 of the Oklahoma Constitution established the permanent school fund as follows:
 All proceeds of the sale of public lands that have heretofore been or may be hereafter given by the United States for the use and benefit of the common schools of this State, all such per centum as may be granted by the United States on the sales of public lands, the sum of five million dollars appropriated to the State for the use and benefit of the common schools in lieu of sections sixteen and thirty-six, and other lands of the Indian Territory, the proceeds of all property that shall fall to the State by escheat, the proceeds of all gifts or donations to the State for common schools not otherwise appropriated by the terms of the gifts, and such other appropriations, gifts, or donations as shall be made by the Legislature for the benefit of the common schools, shall constitute the permanent school fund.